# WILLIAM A. WARD v. MURRAY CURE INSTITUTE COMPANY.[1]

March 3, 1911.

Nos. 16,750—(55).

**New trial.**

Appeal from an order granting a new trial, after a verdict in favor of plaintiff. *Held:* The evidence justified submitting the case to the jury, but was not so manifestly in favor of the verdict as to justify reversing the order granting a new trial. [Reporter.]

Action in the district court for Hennepin county by the administrator of the estate of William H. Ward, deceased, to recover $5,000 for the death of his intestate. The complaint alleged that while upon a visit of inspection of the Murray Cure Institute to ascertain whether it was a proper place for treatment, plaintiff was wrongfully induced to drink intoxicating liquors mixed with drugs that he might become intoxicated and unconscious; that during the afternoon of the same day he informed defendant that he would not allow anyone to give him a hypodermic injection; that contrary to his wishes such an injection containing harmful drugs was given, and resulted in his death. The answer after denying the allegations of the complaint alleged that plaintiff died from acute alcoholism, and that such condition was brought about by his own intemperate and careless habits of life. The reply was a general denial. The case was tried before Simpson, J., and a jury which returned a verdict in favor of plaintiff for $2,000. From an order granting defendant's motion for a new trial, plaintiff appealed. Affirmed.

*Will A. Blanchard* and *Dodge & Tautges*, for appellant.

*Chas. A. Dalby*, for respondent.

PER CURIAM.

Action to recover damages for the alleged wrongful death of plaintiff's intestate. Plaintiff had a verdict in the court below which, upon defendant's motion, was set aside and a new trial granted. Plaintiff appealed. The trial court granted the new trial upon the sole ground that the verdict was not sustained by the evidence, and the only question presented is whether the evidence is so manifestly in favor of the verdict as to render the order of the court below an abuse of discretion. A careful examination of the evidence leads to an

[1] Reported in 130 N. W. 1134.

affirmance. There is evidence sufficient to justify the submission of the case to the jury, but it is not so clearly and manifestly in favor of the verdict as to justify a reversal under the rule guiding this court in such cases.

Order affirmed.

Simpson, J., having heard the case in the court below, took no part.